UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRY DOLES, <br> By Attorney in Fact SUSAN KUYPERS, <br>     Plaintiff, <br> v. <br> <br> AMAZON.COM SERVICES, INC., a <br> Registered Indiana Foreign Corporation <br> d/b/a AMAZON FULFILLMENT <br> SERVICES, INC.; AMAZON LOGISTICS, <br> INC., a Registered Indiana Foreign <br> Corporation; MIGHTY MOVE <br> TRANSPORTATION, LLC; and, <br> LA TOYA A. HUNTER, Individually, <br>     Defendants. | CASE NO.: _____ <br> <br> <br> <br> <br> <br> **JURY DEMAND INCLUDED** |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, TERRY DOLES by his Attorney in Fact, SUSAN KUYPERS, by Counsel, Patrick B. McEuen and Christopher A. Buckley of McEUEN LAW OFFICE, and for his *Complaint for Damages*, states to the Court as follows:

### PARTIES

1. TERRY DOLES (hereinafter "Terry" or "Plaintiff") is a resident of the State of Indiana, residing in Valparaiso, Porter County, Indiana, and is currently incapacitated under the care of University of Chicago Hospital located in Chicago, Cook County, Illinois.

2. SUSAN KUYPERS is Terry's Mother and duly appointed general durable Power of Attorney.

3. LA TOYA A. HUNTER (hereinafter "Hunter") is a resident of the State of Illinois, residing at 13941 S. Stewart Avenue, Riverdale, Illinois and was acting in the course and scope of her employment on Sunday, December 22, 2019, operating her motor vehicle on behalf of her joint

employers, MIGHTY MOVE TRANSPORTATION, LLC, AMAZON.COM SERVICES, INC. d/b/a AMAZON FULFILLMENT SERVICES, INC., and/or AMAZON LOGISTICS, INC.

4. At all relevant times herein, MIGHTY MOVE TRANSPORTATION, LLC (hereinafter "MIGHTY MOVE") is, on information and belief, a registered foreign limited liability company conducting business in the State of Indiana with a principal place of business at: 14152 Irving Ave, Dolton, Illinois, 60419 and a Registered Agent, REGISTERED AGENTS INC., located at: 5534 Saint Joe Road, Fort Wayne, Allen County, Indiana, 46835.

5. At all relevant times herein, AMAZON.COM SERVICES, INC. (hereinafter "AMAZON.COM" or collectively, "AMAZON") is, on information and belief, a registered foreign for-profit corporation doing business in the State of Indiana with a principal place of business at: 410 Terry Avenue North, Seattle, WA, 98109 and a Registered Agent, CORPORATION SERVICE COMPANY, located at: 135 North Pennsylvania Street, Suite 1610, Indianapolis, Marion County, Indiana 46204.

6. At all relevant times herein, AMAZON LOGISTICS, INC. (hereinafter "AMAZON LOGISTICS" or collectively, "AMAZON") is, on information and belief, a registered foreign for-profit corporation doing business in the State of Indiana with a principal place of business at: 410 Terry Avenue North, Seattle, WA, 98109 and a Registered Agent, CORPORATION SERVICE COMPANY, located at: 135 North Pennsylvania Street, Suite 1610, Indianapolis, Marion County, Indiana 46204.

**JURISDICTION**

7. This is a civil action that falls within the Court's diversity of citizenship jurisdiction under 28 U.S.C. §§ 1441 and 1446 with a sufficient amount in controversy well in excess of Seventy-Five Thousand Dollars ($75,000.00).

8. Plaintiff TERRY DOLES is a citizen of the State of Indiana.

9. Defendant LA TOYA A. HUNTER is a citizen of the State of Illinois.

10. Defendant MIGHTY MOVE TRANSPORTATION, LLC is foreign limited liability company with a principal place of business in the State of Illinois.

11. Defendant AMAZON.COM SERVICES, INC. d/b/a AMAZON FULFILLMENT SERVICES, INC. is a foreign for-profit corporation incorporated in the State of Delaware with its principal place of business in the State of Washington.

12. Defendant AMAZON LOGISTICS, INC. is a foreign for-profit corporation incorporated in the State of Delaware with its principal place of business in the State of Washington.

## VENUE

13. Venue is proper in this Court pursuant to because all or a substantial portion of the events relating to this accident occurred in Porter County, Indiana, all Defendants have sufficiently availed themselves for commerce in Porter County, Indiana, and Plaintiff resides in Valparaiso, Porter County, Indiana.

## STATEMENT OF FACTS

### Hunter's Joint Employment Relationship with Mighty Move and Amazon

14. HUNTER is a *de facto* or *de jure* employee at will of MIGHTY MOVE.

15. MIGHTY MOVE is a delivery service partner of AMAZON.

16. Hunter and/or MIGHTY MOVE were engaged in AMAZON business on the date and time of the crash.

17. AMAZON was a direct and/or indirect beneficiary of the packages being delivered just prior to the crash at 649 N. State Road 149.

18. AMAZON directs, through an app, the order of the deliveries and the route to each destination.

19. AMAZON software tracks drivers' progress, and a dispatcher in an AMAZON warehouse can call them if they fall behind schedule.

20. AMAZON requires that 999 out of 1,000 deliveries arrive on time.

21. AMAZON issues hand scanners that monitor the progress of drivers as they deliver packages and dictate routes drivers drive.

22. AMAZON institutes policies such as "no package left behind" during the critical holiday weeks that are often difficult or impossible for drivers to satisfy.

23. At the direction of Amazon, drivers often have to deliver upward of two hundred fifty (250) packages a day — less than two minutes per package based on an eight-hour shift.

24. AMAZON dictates what drivers including Hunter wear, what vans they use, what routes they follow, and how many packages they must deliver each day.

25. At all relevant times, AMAZON has been affiliated with and/or operating with MIGHTY MOVES and similarly situated "last-mile delivery services" such that AMAZON, on the one hand, and MIGHTY MOVES, on the other, are "joint employers" of HUNTER.

26. MIGHTY MOVES operates a carrier and logistics business in providing vehicles and drivers to deliver goods on behalf of Defendant AMAZON.COM and it affiliates. The goods are purchased by customers using Defendant AMAZON.COM's digital platform (the Amazon.com website).

27. AMAZON LOGISTICS, INC. is a subsidiary of Defendant AMAZON.COM (together, "AMAZON"), which advertises for and provides Delivery Associates for Amazon.com

deliveries. AMAZON LOGISTICS, INC. works with delivery providers ("Delivery Service Providers" or "DSP's") to deliver packages from a central location to an Amazon.com customer.

28. AMAZON provides Delivery Service Providers, including MIGHTY MOVES, with exclusive deals on Amazon-branded vans, comprehensive insurance and other services.

29. AMAZON also provides access to vehicle maintenance, fuel program, professional uniforms, recruitment tools, payroll, tax, and accounting services, health and employee benefits, and legal support.

30. AMAZON does not require their DSP's to have any logistics experience, in part, because AMAZON provides technological and logistical expertise to each DSP, including MIGHTY MOVES.

31. DSP startup costs start as low as $10,000.00 because AMAZON provides "exclusive discounts on a suite of assets and services…".

32. AMAZON provides consistent coaching and support, an operation manual, driver assistance, and a dedicated account manager to each DSP.

33. DSP's also interact on a daily basis with AMAZON's account manager, on-road assistance team and AMAZON delivery station personnel.

34. Most DSP's, including MIGHTY MOVES, work exclusively delivering AMAZON packages.

35. MIGHTY MOVES is a DSP for AMAZON.

36. The principals of the DSPs including MIGHTY MOVES undergo three (3) week hands-on training, including but not limited to education on the Amazon-provided delivery equipment, the daily processes at an Amazon delivery facility, and assist in sorting and loading packages.

37. DSPs including MIGHTY MOVES are given access to AMAZON's technology training resources, videos, and delivery data.

38. AMAZON also supplies DSPs including MIGHTY MOVES with business tools to assist with planning, daily operations, routing guidance, and customer service.

39. AMAZON pays DSPs including MIGHTY MOVES pursuant to its standard "Delivery Provider Terms of Service".

40. While DSPs pay the Delivery Associates from the amounts AMAZON pays them, AMAZON has both influence and control over how Delivery Associates are paid.

41. AMAZON supervises and controls the work activities, work schedules, conditions, and management of MIGHTY MOVES and HUNTER.

42. Delivery Associates including HUNTER undergo mandatory training by AMAZON through what is also known as AMAZON's "Delivery Associate School" which consists of three (3) solid days of training.

43. The mandatory training, conducted by AMAZON, covers Amazon's policies and procedures, including but not limited to: how to scan a package; how to use Amazon's handheld GPS-tracking device known as a "Rabbit"; and how to drop packages off in compliance with AMAZON's policies, procedures and concession rates (the failure to properly deliver a package).

44. AMAZON, through its Coretex system, tracks and monitors HUNTER's job performance.

45. Each and every day, AMAZON sends an email documenting HUNTER's job performance.

46. On information and belief, AMAZON disciplines Delivery Associates including HUNTER for violations of their policies and procedures.

47. Throughout her employment with Defendants, HUNTER is subject to additional training by AMAZON in complying with its operational procedures and in meeting its work expectations.

48. If a Delivery Associate including HUNTER fails to meet AMAZON's expectations he or she is terminated.

49. As required by AMAZON, MIGHTY MOVE provided HUNTER with a vehicle, and such vehicles must adhere to AMAZON's requirements; for instance, delivery vehicles must be "cargo vans with at least three hundred (300) cubic feet of cargo capacity."

50. Said delivery vehicles, including MIGHTY MOVE's grey 2019 Dodge Ram Pro Master 2500 commercial vehicle, are branded with AMAZON's logo, and must weigh less than 10,000 pounds to avoid state and federal transportation regulations.

51. Delivery Associates including HUNTER are provided with and are required to use an Amazon.com "Rabbit," a handheld device that provides the addresses of Amazon.com customers.

52. The "Rabbit" is also used for navigation assistance, package scanning, and as a phone. The "Rabbit" also allowed AMAZON to contact and track HUNTER's movement and work progress on the day in question.

53. AMAZON has direct access to HUNTER's "Rabbit" device.

54. AMAZON set the delivery route that HUNTER was traveling on the day in question.

55. AMAZON also dictates the hours of delivery in which HUNTER may or may not deliver a package.

56.     An investigation by ProPublica identified more than 60 accidents since June 2015 involving Amazon delivery contractors that resulted in serious injuries, including 10 deaths.

### The Crash

57.     On Sunday, December 22, 2019, Terry was operating his motorcycle southbound on State Road 149, approaching a driveway located at 649 N State Road 149 in Valparaiso, Porter County, Indiana.

58.     At that same time and location Hunter was operating MIGHTY MOVE's grey 2019 Dodge Ram Pro Master 2500 commercial vehicle for and on behalf of her joint employers, MIGHTY MOVE TRANSPORTATION, LLC and AMAZON, within the course, scope, duties and directives of her employment, delivering package(s) to the residence located at 649 N State Road 149, Valparaiso, Porter County, Indiana.

59.     When Hunter returned to her commercial vehicle after making the delivery, it was backed into the driveway of 649 N State Road 149.

60.     Upon exiting the driveway and entering the roadway to travel southbound on SR 149, Hunter ignored, disregarded or otherwise failed to note Terry's motorcycle traveling southbound approximately sixty (60) feet north of the driveway.

61.     Hunter attempted to made a right turn (southbound) onto State Road 49 directly into the path of Terry's motorcycle.

62.     MIGHTY MOVE's vehicle collided with and demolished Terry's motorcycle, and Terry was ejected from his motorcycle and critically injured.

63.     On the accident scene, Terry was unconscious and an unknown bystander performed CPR.

64. Terry was transported to Hope Lutheran Hospital by Helicopter, and eventually transported to University of Chicago Medical Center.

65. Terry is currently incapacitated.

66. Immediately following the crash, Officer Damjanovic and Officer Reynolds of the Porter County Sheriff's Department arrived on the scene and the Porter County Accident Reconstruction Team was activated to reconstruct the crash.

67. Hunter was determined as "at fault" for the crash for her failure to yield to oncoming traffic.

### COUNT I – NEGLIGENCE (HUNTER)

68. On Sunday, December 22, 2019, HUNTER had a duty to operate her motor vehicle in a safe fashion with due regard for other drivers on the road, and also to obey with the traffic laws regarding yielding to oncoming drivers as mandated by I.C. § 9-21-8-30.

69. On Sunday, December 22, 2019, HUNTER operated her motor vehicle in an unsafe manner without due regard for the safety of other drivers and failed to comply with her duty pursuant to I.C. § 9 -21-8-30.

70. As a direct and proximate result of HUNTER' breach of her duty to other drivers, her motor vehicle collided with and demolished a motor vehicle operated by Terry.

71. As a direct and proximate result of the collision with HUNTER' vehicle, Terry has suffered damages and severe and debilitating permanent injuries and has incurred medical expenses in an amount to be proven at trial.

### COUNT II - RESPONDEAT SUPERIOR
### (MIGHTY MOVE TRANSPORTATION, LLC)

72. On Sunday, December 22, 2019, HUNTER was operating her motor vehicle while in the due course, scope, duties and directives of her employment with MIGHTY MOVE, and on

behalf of, or at the instruction of, her employer returning to a facility operated by MIGHTY MOVE.

73.	Pursuant to the doctrine of respondeat superior, MIGHTY MOVE is jointly and severally liable with HUNTER for injuries and damages caused by HUNTER' negligent operation of a motor vehicle on Sunday, December 22, 2019.

### COUNT III – NEGLIGENCE
### (MIGHTY MOVE TRANSPORTATION, LLC)

74.	As a principal and/or employer, MIGHTY MOVE was independently negligent for, among other things, the hiring, training, entrusting, supervising, and retaining of HUNTER in connection with her operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances.

75.	As a motor carrier, MIGHTY MOVE had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify HUNTER, the duty to property train HUNTER, the duty to properly supervise the hours of service of HUNTER, the duty to properly inspect and maintain any vehicles she might operate on its/their behalf, and otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

76.	On Sunday, December 22, 2019, HUNTER operated her motor vehicle in an unsafe manner without due regard for the safety of other drivers due to the demands placed upon her by MIGHTY MOVE.

77.	As a direct and proximate result of MIGHTY MOVE's breach of its duty to other drivers, HUNTER collided with and demolished a motor vehicle operated by Terry.

78. As a direct and proximate result of the collision with HUNTER' vehicle, Terry has suffered damages and severe and debilitating permanent injuries and has incurred medical expenses in an amount to be proven at trial.

### COUNT IV - RESPONDEAT SUPERIOR
### (AMAZON.COM SERVICES, INC d/b/a AMAZON FULFILLMENT SERVICES, INC. and AMAZON LOGISTICS, INC. (together, "AMAZON")

79. At all times during HUNTER's employment she remained on contract with MIGHTY MOVE, receiving her pay and benefits from it; however AMAZON meticulously supervised HUNTER's day-to-day activities and determined delivery hours, closely monitored HUNTER's productivity, efficiency, and had regular if not uninterrupted contact with HUNTER in the scope of and within the performance of her duties.

80. Therefore, a joint-employment relationship existed between HUNTER and AMAZON on the date of the crash because both MIGHTY MOVE and AMAZON maintained control over HUNTER.

81. On Sunday, December 22, 2019, HUNTER was operating her motor vehicle while in the due course, scope, duties and directives of her joint employment with AMAZON, and on behalf of, or at the instruction of, her employer returning to a facility operated by AMAZON.

82. Pursuant to the doctrine of respondeat superior, AMAZON is jointly and severally liable with HUNTER for injuries and damages caused by HUNTER' negligent operation of a motor vehicle on Sunday, December 22, 2019.

### COUNT V – NEGLIGENCE
### (AMAZON.COM SERVICES, INC d/b/a AMAZON FULFILLMENT SERVICES, INC. and AMAZON LOGISTICS, INC. (together, "AMAZON")

83. As a principal and/or employer, AMAZON was independently negligent for, among other things, the hiring, training, entrusting, supervising, and retaining of HUNTER in

connection with her operation of a commercial motor vehicle, for instituting policies that AMAZON knew or should have known to pose significant harm to the general public including Terry, and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances.

84. In the course of its conduct during all relevant time period(s) herein in taking control of HUNTER, AMAZON assumed certain duties and responsibilities as defined by industry standards, including the duty to properly qualify HUNTER, the duty to property train HUNTER, the duty to properly supervise the hours of service of HUNTER, the duty to properly inspect and maintain any vehicles she might operate on its/their behalf, and otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

85. On Sunday, December 22, 2019, HUNTER operated her motor vehicle in an unsafe manner without due regard for the safety of other drivers due to the demands placed upon her by AMAZON.

86. As a direct and proximate result of AMAZON's breach of its duty to other drivers in employing unsafe business practices and policies, HUNTER collided with and demolished a motor vehicle operated by Terry.

87. As a direct and proximate result of the collision with HUNTER' vehicle, Terry has suffered damages and severe and debilitating permanent injuries and has incurred medical expenses in an amount to be proven at trial.

**DEMAND FOR JURY TRIAL**

88. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

WHEREFORE, Plaintiff prays for judgment against LA TOYA A. HUNTER; MIGHTY MOVE TRANSPORTATION, LLC; AMAZON.COM SERVICES, INC. and AMAZON LOGISTICS, INC. jointly and severally, in the amount of $25 Million, or such other amount as may be proven at trial, and for all such other relief as may be just and proper in the premises.

Respectfully submitted,

/s/ Patrick B. McEuen
_____
Patrick B. McEuen, #17441-45
McEUEN LAW OFFICE
6382 Central Avenue
Portage, IN 46368
P: (219) 762-7738
F: (219) 762-7739
Patrick@mceuenlaw.com
*Lead Counsel for Plaintiff*

/s/ Christopher A. Buckley
_____
Christopher A. Buckley #28938-64
Of Counsel, McEUEN LAW OFFICE
6382 Central Avenue
Portage, IN 46368
P: (219) 762-7738
F: (219) 762-7739
Chris@mceuenlaw.com
*Co-counsel for Plaintiff*