UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TERRY DOLES, by attorney in fact SUSAN KUYPERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:20-cv-8 |
| AMAZON.COM SERVICES, INC., a Registered Indiana Foreign Corporation d/b/a AMAZON FULFILLMENT SERVICES, INC.; AMAZON LOGISTICS, INC., a Registered Indiana Foreign Corporation; MIGHTY MOVE TRANSPORTATION, LLC; and LA TOYA A. HUNTER, individually, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court *sua sponte*. The court must continuously police its subject matter jurisdiction. ***Hay v. Ind. State Bd. of Tax Comm'rs***, 312 F.3d 876, 879 (7th Cir. 2002). The court must dismiss this action if it lacks subject matter jurisdiction. **Federal Rule of Civil Procedure 12(h)(3).** Currently, the court is unable to determine if it has subject matter jurisdiction over this litigation.

The plaintiff, Terry Doles, by attorney in fact Susan Kuypers, invoked this court's diversity jurisdiction by filing the Complaint in federal court. As the party seeking federal jurisdiction, the plaintiff has the burden of establishing that subject matter jurisdiction exists. ***Smart v. Local 702 Int'l Bhd. of Elec. Workers***, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the court to have diversity jurisdiction, the plaintiff and the defendants must be citizens of different states, and the amount in controversy must be more than $75,000. The

plaintiff has alleged a sufficient amount in controversy. The plaintiff also sufficiently has alleged his own citizenship, as well as the citizenship of the defendants, La Toya A. Hunter, Amazon.com Services, Inc., and Amazon Logistics, Inc. However, the allegations are insufficient as to the citizenship of the defendant, Mighty Move Transportation, LLC.

The Complaint alleges that Mighty Move Transportation, LLC is, on information and belief, a registered foreign limited liability company conducting business in the State of Indiana with a principal place of business at: 14152 Irving Ave, Dolton, Illinois, 60419. (Compl. ¶ 4). These allegations are insufficient for the purpose of determining citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." ***Cosgrove v. Bartolotta***, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, since Mighty Move is a limited liability company, the court must be advised of the identity of each of its members and advised of each member's citizenship. ***Thomas v. Guardsmark, LLC***, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See* ***Guar. Nat'l Title Co. v. J.E.G. Assocs.***, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. ***Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC***, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the court's jurisdiction to hear this case, the plaintiff

must sufficiently allege the citizenship of the defendant, Might Move Transportation, LLC, as outlined above. Therefore, the court **ORDERS** the plaintiff to **FILE**, on or before **January 31, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of the defendant, Might Move Transportation, LLC, as stated above.

ENTERED this 15th day of January, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge